UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA              :
                                                          :        **MEMORANDUM**
v.                                                        :        **OPINION AND ORDER**
                                                          :
WILLIAM SOMERS,                        :        17 CR 37-6 (VB)
                           Defendant.      :
--------------------------------------------------------x

Now pending is defendant William Somers's motion pursuant to 18 U.S.C. §

3582(c)(1)(A)(i) to reduce his term of imprisonment to time served in light of the current

COVID-19 pandemic.  (Doc. #97).

For the following reasons, the motion is GRANTED.

The background of this case is as follows.  Defendant, a mid-level drug dealer in and

around Sullivan County, New York, pleaded guilty to participating in a conspiracy to sell heroin.

He stipulated to distributing between 100 and 400 grams of heroin.  His involvement in the

offense arose out of his own drug use, although he sold drugs primarily for financial gain.  At the

time, he had nine prior convictions.

On December 21, 2017, after careful consideration of the nature and circumstances of the

offense and the history and characteristics of the defendant, as well as all the 18 U.S.C. § 3553(a)

factors, the Court sentenced defendant to sixty months' imprisonment and three years of

supervised release.[1]  The Court determined that the sentence imposed was sufficient but not

greater than necessary to reflect the seriousness of the offense, promote respect for the law,

provide just punishment, afford adequate deterrence, protect the public from further crimes of the

---

[1]      This sentence constituted a downward variance from the applicable sentencing range of
70–87 months' imprisonment.  (See Doc. #85 ("Sentencing Tr.") at 4).

1

defendant, and avoid unwarranted sentencing disparities among the various defendants in this case.

Defendant has been detained since his arrest on January 25, 2017.  To date, he has served approximately forty-two months, or about seventy percent of the sixty-month sentence.[2]

Although the sentence in this case was fair and reasonable at the time it was imposed, under 18 U.S.C. § 3582(c)(1)(A)(i), the Court is authorized, after considering the factors set forth in 18 U.S.C. § 3553(a), to reduce the sentence if "extraordinary and compelling reasons warrant such a reduction," and the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Taking into account both defendant's current medical condition and the risk of serious complications if he were to contract COVID-19 in prison, "extraordinary and compelling reasons" are present here.  Defendant's medical records from Federal Correctional Institution ("FCI") Schuylkill indicate he suffers from high blood pressure, an unspecified chronic kidney condition, and obesity, and that he is pre-diabetic.  (See Doc. #99 Ex. A at 5–7, 64–65).  Moreover, defendant has a history of asthma and chronic obstructive pulmonary disease.  (See Doc. #102 Ex. A at 23, 62–63, 82–83).  These conditions, in combination, place defendant at an increased risk of serious complications from COVID-19 should he contract the virus.  See People at Increased Risk for Severe Illness, CTRS. FOR DISEASE CTRL. & PREVENTION https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 4, 2020).  In light of defendant's health conditions, and the

---

[2]     According to the Bureau of Prisons website, defendant's expected release date is August 2, 2021.  See https://www.bop.gov/inmateloc/ (last visited August 4, 2020).  If defendant were to be released on August 2, 2021, then to date, he would have served seventy-eight percent of his sentence.

risk that he may suffer serious complications were he to contract the virus, the Court finds

defendant has demonstrated extraordinary and compelling reasons warranting a sentence

reduction under Section 3582(c)(1)(A)(i).

Finally, as required by Section 3582(c)(1)(A), the Court has considered "the factors set

forth in section 3553(a) to the extent that they are applicable."  In light of defendant's medical

condition and, importantly, the risks presented by COVID-19, the Court finds that the objectives

of sentencing have largely been met given the duration of time defendant has already spent in

prison.   The Court concludes that reducing defendant's sentence to time-served followed by

supervised release, including home incarceration, would be sufficient but not greater than

necessary to reflect the seriousness of defendant's offense, promote respect for the law, provide

just punishment, afford adequate deterrence to criminal conduct, and protect the public from

further crimes of the defendant.

As an additional matter, the Court is persuaded that defendant will be entering a stable

environment upon his release.  As set forth in his submissions, defendant proposes to live with

his partner Karoline Parks and their nine-year-old daughter Malayna.  At the appropriate time,

defendant can return to work at Fox Croft Village, his former employer, where he is responsible

for renovating and repairing mobile homes.  Defendant also plans to participate in outpatient

substance abuse treatment with "Choices Mental Health Counseling" in Monticello, New York.

(See Doc. #102 at 6 n.20).[3]  Accordingly, the Court approves this release plan.

This is a close call, given the seriousness of the offense and defendant's extensive

criminal history.  Moreover, the irony of ordering a compassionate release for someone who has

---

[3]     Defendant's place of employment and any outpatient drug treatment placement shall be
subject to the Probation Department's approval.

shown no compassion for his neighbors and the community in which he lived by helping to introduce dangerous drugs into that community, is not lost on the Court.  Defendant is advised that if he breaches the trust the Court has placed in him by failing to abide by any of the previously imposed conditions of supervised release or any of the additional conditions set forth below, the Court will not hesitate to return him to prison.

## CONCLUSION

Defendant William Somers's motion for compassionate release is GRANTED, and his term of imprisonment is reduced to time served, plus two days, followed by the three years of supervised release originally imposed in this case.  The Court ORDERS the Bureau of Prisons to release defendant on Friday, August 7, 2020, by no later than 12:00 p.m.

During the three-year period of supervised release, defendant shall be subject to all the conditions of supervised release set forth in the Judgment dated December 22, 2017.  The following additional conditions of supervised release, all of which are rationally related to the offense of conviction and the Section 3553(a) factors, shall apply:

1.      Defendant shall serve the first eighteen months of supervised release on home incarceration at his home in Neversink, New York, to be enforced by GPS monitoring. Installation of a GPS monitoring device shall occur immediately after the fourteen-day period of self-quarantine (described in item 2 below).  During the period of home incarceration, defendant must remain at his home except as necessary for medical treatment and drug treatment, both of which will require prior notice to, and approval by, the Probation Department, unless the medical treatment involves a true emergency.

If, after sixty days of home incarceration, the Probation Department believes it is appropriate, it may make an application to the Court for defendant to be permitted to leave home for the purpose of employment or other pre-approved activities.

The Probation Department is directed to provide the Court with a written update regarding defendant's health and his compliance with the conditions of supervised release after defendant's first twelve months of home incarceration, and, depending on that update, the Court may consider early termination of the home incarceration condition.

2.      In light of the COVID-19 pandemic, defendant shall, upon release from custody, self-quarantine for fourteen days, physically distancing himself from any other occupants of his home.

3.      Defendant shall possess or have access to a telephone that will allow for video conferencing with the Probation Department.  This special condition shall remain in effect during the entire period of supervised release, unless waived by defendant's Probation Officer or the Court.

4.      Immediately upon his release from custody, defendant shall contact Supervisory U.S. Probation Officer Kevin Mulcahy (914-390-4048) to arrange for the installation of a GPS monitoring device.

Dated: August 5, 2020
       White Plains, NY                          SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge